```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

DENNIS HARRIS and LUZ HARRIS,
individually and as Parents and
Natural Guardians of D.H., a minor,
and as Co-Personal Representatives
of the ESTATE of H.H., a deceased
minor,

       Plaintiffs,

v.                                Case No.: 8:14-cv-1001-T-33AEP

TORUS NATIONAL INSURANCE COMPANY,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Torus National Insurance Company's Motion to Strike (Doc. # 9) filed on May 22, 2014. Plaintiffs Dennis Harris and Luz Harris filed a Response (Doc. # 10) on May 22, 2014. The Court held a hearing on this matter on July 1, 2014. For the reasons stated below and stated at the hearing, the Court denies the Motion.

**I.   Background**

In May of 2013, Defendant Torus National Insurance Company issued an insurance policy for the policy period of May 31, 2013, to May 31, 2014, to Bulk Express Transport, Inc. (Doc. # 1 Ex. B).

On August 5, 2013, a tractor-trailer owned by Bulk Express, and driven with permission by its employee, struck Luz Harris and her two minor children in their automobile. (Id. Ex. C). Minor, H.H., was killed and minor, D.H., and Luz Harris were injured. (Id.). Dennis Harris is a surviving parent of the minor children and spouse of Luz Harris. (Id.)

After the crash, Plaintiffs Dennis and Luz Harris, individually, and as parents of D.H., and as co-representatives of the estate of H.H., filed claims for wrongful death and bodily injury with Bulk Express's insurers, including Torus. (Id.). Torus then denied coverage for the Plaintiffs. (Doc. # 10 at 1-2). However, Plaintiffs, Bulk Express, and Torus reached an agreement, as part of a larger settlement, in April of 2014. (Doc. # 1 Ex. C). Under the settlement's terms, Plaintiffs received an assignment of rights held by Bulk Express relating to the policy with Torus, thereby waiving any need for Plaintiffs to obtain a judgment against Bulk Express as a condition for Torus to pay. (Id.).

Also, under the terms of the settlement, Torus and Plaintiffs agreed to seek a judicial declaration regarding whether Plaintiffs' claims were covered by the policy. (Id. at ¶ 1). The parties have agreed that, if a court found coverage for the claims, Torus would pay its policy limit,

$2,000,000, to Plaintiffs. If a court did not find coverage, Plaintiffs would receive no payment. (Id. Ex. C).

On April 25, 2014, Plaintiffs initiated this action against Torus for a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, between completely diverse citizens and involving damages in excess of $75,000, thereby providing jurisdiction under 28 U.S.C. § 1332(a). (Id. at ¶ 1).

Paragraph 12 of the Complaint states as follows:

> If this accident is a covered loss, then TORUS has agreed to pay its stated $2,000,000.00 bodily injury limits to Plaintiffs deemed a liquidated payment due on February 28, 2014. If not, then Plaintiffs receive no payment from Torus under the Policy.

(Id. at ¶ 12).

On May 21, 2014, Torus filed this Rule 12(f) Motion to Strike (Doc. # 9), alleging that paragraph 12 of the Complaint is irrelevant, prejudicial, and relates to settlement negotiations, thereby raising concerns under Florida Statute § 90.408 and Federal Rule of Evidence 408. Plaintiffs filed their Response to the Motion on May 22, 2014. (Doc. # 10).

## II.  **Legal Standard**

A motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure tests a complaint's adequacy to determine whether it sets forth any redundant, immaterial,

3

impertinent, or scandalous matters. See Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Slone v. Judd, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)(quoting McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).

"A motion to strike is a drastic remedy," which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962); Poston v. Am. President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978). Nevertheless, district courts have broad discretion in determining whether to grant a motion to strike. Slone, 2009 WL 5214984, at *1 (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

Further, when deciding a motion to strike, a court must accept the truthfulness of well-pleaded facts and "cannot consider matters beyond the pleadings." Carlson Corp./Southeast v. Sch. Bd. of Seminole Cnty., Fla., 778 F. Supp. 518, 519 (M.D. Fla. 1991).

### III. Analysis

#### A. Relevance

Torus argues that inclusion of paragraph 12 within the Complaint is irrelevant because it merely describes the arrangement for the amount of payment that would follow the Court's issuance of its declaratory judgment. Torus emphasizes that the only issue before the Court is whether the accident is a covered loss under the policy — not the value of the claim. Therefore, Torus reasons, paragraph 12 provides information that is irrelevant to the issue.

The Court disagrees with Torus that the information provided in paragraph 12 is irrelevant. Paragraph 12 of the Complaint provides facts establishing the existence of an actual controversy between the parties as required by 28 U.S.C. § 2201. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999)("Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.' Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties.")(internal citations omitted).

Additionally, paragraph 12 is pertinent because it provides factual support for the relief requested in the

Complaint, namely the payment of $2,000,000, along with interest, costs, and attorneys' fees. (Doc. # 1 at 4). Therefore, paragraph 12 has a "possible relation" to the issue before this Court and will not be stricken from the Complaint as irrelevant.

### B. Prejudice

Next, Torus argues that paragraph 12 is prejudicial because its "allegations may appeal to the sensitivities of the jury should this matter proceed to trial." (Doc. # 9 at 2). As Torus explained at the hearing, Torus worries that a jury, sympathetic to the Plaintiffs' loss of a child, would be prejudiced by the information that Plaintiffs would receive either no payment or $2,000,000, depending on its decision.

The Court does not consider paragraph 12 to have a potential prejudicial effect at the pleadings stage. "Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." S.D. v. St. Johns County Sch. Dist., No. 3:09-cv-250-J-20TEM, 2009 WL 1941482, at *3 (M.D. Fla. July 7, 2009)(internal citation omitted). Because Torus's concern over paragraph 12 concerns a jury's reaction to the information therein at a later stage of litigation, paragraph

6

12 of the Complaint does not confuse the issues or place an undue burden on Torus at the pleadings stage. The matter of prejudice is raised prematurely and would be better addressed at the motion in limine stage.

**C.    Fed. R. Evid. 408 and Fla. Stat. § 90.408**

Finally, Torus contends that paragraph 12 reflects settlement negotiations or an offer of compromise between the parties, which would be inadmissible pursuant to Fed. R. Evid. 408 and Fla. Stat. § 90.408.

Federal Rule of Evidence 408(a) states:

(a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise a claim

Fed. R. Evid. 408.

Florida Statute § 90.408 states:

Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value.

Fla. Stat. § 90.408.

7

The Court determines that Fed. R. Evid. 408 and Fla. Stat. § 90.408 do not require paragraph 12 to be stricken from the Complaint. Rule 12(f) governs striking material from pleadings — not striking evidence. See PTR, Inc. v. Forsythe Racing, Inc., No. CV 08-5517, 2009 WL 1606970, at *3-4 (N.D. Ill. June 9, 2009)("Allegations in a complaint are not evidence"; "Even if the statements are later determined to be inadmissible . . . they need not be stricken from the pleadings."); Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *3 (W.D.N.C. Apr. 8, 2011)("The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous.")(citations omitted).

Generally, "[d]isputes over Rule 408 should be resolved as evidentiary matters with motions in limine rather than prematurely in Rule 12(f) motions." TriQuint Semiconductor, Inc. v. Avago Techs. Ltd., No. CV-09-01531-PHX-JAT, 2010 WL 3034880, at *4 (D. Ariz. Aug. 3, 2010); Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1374 (S.D. Fla. 2004)("[T]he fact that [the attachments to the complaint] are not properly subject to a motion to strike at the pleading stage does not mean that the district court cannot entertain these arguments as to their admissibility at trial on a motion in limine.").

## IV. Conclusion

Upon due consideration of the parties' arguments, the Court determines that paragraph 12 of the Complaint does not contain immaterial, impertinent, or scandalous matters that would warrant striking it from the Complaint. Accordingly, this Court denies Torus's Motion to Strike. However, as the Court and the parties discussed at the hearing, Torus's concerns regarding the admissibility at trial of the settlement details from paragraph 12 could be addressed in a motion in limine at a later stage.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion to Strike (Doc. # 9) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of July, 2014.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record